NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**GERALD L. SMITH,**

*Claimant-Appellant,*

**v.**

**ERIC K. SHINSEKI, SECRETARY OF VETERANS AFFAIRS,**

*Respondent-Appellee.*

---

2012-7023

---

Appeal from the United States Court of Appeals for Veterans Claims in case no. 10-3016, Judge Alan G. Lance, Sr.

---

Decided: April 9, 2012

---

GERALD L. SMITH, of Zephyrhills, Florida, pro se.

JOSEPH A. PIXLEY, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent-appellee. With him on the brief were TONY WEST, Assistant Attor-

ney General, JEANNE E. DAVIDSON, Director, and TODD M.
HUGHES, Deputy Director.

––––––––––––––––––

Before RADER, *Chief Judge*, PLAGER, and LOURIE, *Circuit
Judges.*

PER CURIAM.

Gerald L. Smith seeks review of a decision of the
United States Court of Appeals for Veterans Claims
("Veterans Court").[1]  That decision affirmed a June 29,
2010, decision of the Board of Veterans' Appeals ("Board")
that denied service-connected disability benefits for Mr.
Smith's prostate cancer.  Because Mr. Smith does not
raise any issues within our jurisdiction, we *dismiss* his
appeal.

## BACKGROUND

Mr. Smith served in the United States Navy from Oc-
tober 1955, through July 1976.  He was diagnosed with
prostate cancer in December 2004.  In February 2005, he
requested service-connected disability benefits, contend-
ing that his prostate cancer is due to exposure to Agent
Orange during his military service.

The Department of Veterans Affairs Regional Office
denied Mr. Smith's claim, and the Board affirmed.  The
Veterans Court agreed, holding that Mr. Smith was not
entitled to a presumption of Agent Orange exposure
under 38 C.F.R. § 3.307(a)(6)(iii) because he was not
present "at some point on the landmass or the inland
waters of Vietnam," *Haas v. Peake*, 525 F.3d 1168, 1197

––––––––––––––––––

[1]  *Smith v. Shinseki*, memorandum decision, No. 10-
3016, 2011 WL 5041683 (Vet. App. Oct. 25, 2011).

(Fed. Cir. 2008), and that his proffered evidence was not competent to establish that he was actually exposed to Agent Orange while in service. *Smith* at *2. Mr. Smith now appeals to this court.

## DISCUSSION

This court's review of Veterans Court decisions is strictly limited by statute. Unless an appeal presents a constitutional issue, we "may not review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case." 38 U.S.C. § 7292(d)(2).

This case falls well within the parameters of a case that turns on an application of established laws and regulations to the facts and circumstances of the case. Because we may not review these types of challenges, *see* 38 U.S.C. § 7292(d)(2), we dismiss Mr. Smith's appeal for lack of appellate jurisdiction.[2]

## **DISMISSED**

---

[2] While this case was pending before this court, Mr. Smith submitted several pieces of additional material addressing the merits of his case. That material, if it is to now be considered, must be considered through the proper procedures of veteran administrative law. *See* 38 U.S.C. §§ 5103A(f) and 5108; 38 C.F.R. § 3.156(a).